UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS J. ALLEN,

       Plaintiff,                                  Civil Action No. 14-CV-11644

v.                                               Honorable Patrick J. Duggan

COMMISSIONER OF
SOCIAL SECURITY,

       Defendant.
_____/

**OPINION AND ORDER (1) ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, (2) OVERRULING PLAINTIFF'S OBJECTIONS, (3) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, and (4) GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

This is a social security case. Plaintiff Thomas J. Allen appeals from the final determination of the Commissioner of Social Security that he is not disabled and, therefore, not entitled to supplemental security income. The matter was referred to Magistrate Judge Elizabeth A. Stafford for all pretrial proceedings. The parties filed cross-motions for summary judgment. On June 15, 2015, Magistrate Judge Stafford issued a Report and Recommendation ("R&R"), recommending that Defendant's motion be granted and that Plaintiff's motion be denied. Plaintiff filed objections to the R&R and Defendant has filed a response. The Court

reviews *de novo* those portions of the R&R to which a specific objection has been made. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Plaintiff advances two objections to the R&R, both of which encompass multiple arguments. The Court addresses the second objection first.

Plaintiff raises three separate arguments in his second objection, all of which the Court rejects because they were adequately addressed by the Magistrate Judge in her R&R and Plaintiff fails to explain why he believes her recommended resolution of those arguments is erroneous. *See VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004) (An objection "that merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge."). First, Plaintiff argues that the ALJ erred in concluding that Plaintiff had "experienced no episodes of decompensation," ALJ Decision at 5 (ECF No. 9-2), in light of evidence that Plaintiff had been hospitalized for five days in March/April 2008 following a suicide attempt. However, the Magistrate Judge addressed and rejected this argument in her R&R:

> While Allen's five-day hospitalization was a period of decompensation, the listing requires that he have shown either marked limitations in two areas of mental functioning, or one marked limitation coupled with "repeated episodes of decompensation, each of extended duration." 20 C.F.R. § 404, Appx. 1, 12.04(B). The regulations define "extended duration," as lasting "at least 2 weeks," and define "repeated" as "three episodes within 1 year, or an average of once every 4 months." 20 C.F.R. § 404, Appx. 1, 12.00(C)(4). Allen's episode does not meet this definition. While the regulation also allows ALJs to "use judgment" to determine if shorter, more

2

>frequent episodes qualify, (*id.*), Allen offers no evidence to support his testimony that he experienced more than one episode of decompensation. Therefore, his argument fails.

R&R at 10-11 (ECF No. 16).

Second, Plaintiff argues that the ALJ improperly discounted a low Global Assessment of Functioning ("GAF") score that he received upon discharge from his March/April 2008 hospitalization. However, the Magistrate Judge addressed and rejected this argument, as well, noting that although one of the reasons given by the ALJ for discounting the score "appears speculative and outside of the ALJ's ken," R&R at 11, the score was properly discounted on other, independently sufficient grounds. *See* R&R at 11-12.

Finally, Plaintiff argues that the ALJ should not have discounted his credibility based on the fact that he was noncompliant with a prescribed treatment plan without first considering whether the noncompliance was excusable due to Plaintiff's mental illness. Once again, the Magistrate Judge addressed and rejected this argument in the R&R, and Plaintiff does not acknowledge the Magistrate Judge's rationale for doing so in his objections. Specifically, the Magistrate Judge noted that Plaintiff "has offered no evidence that his failure to comply with his mental health treatment was because symptoms associated with his condition prevented him from doing so" and, in any event, "the ALJ relied on other factors to conclude that Allen was only partially credible." R&R at 13-14. Because Plaintiff

3

does not explain why he believes the Magistrate Judge erred in her analysis of this argument, the Court overrules this aspect of Plaintiff's second objection.

Turning now to his first objection, Plaintiff's argument, boiled down, is that the ALJ failed to incorporate into the residual functional capacity ("RFC") assessment limitations resulting from his precordial chest pain and closed-head injury. Regarding the chest pain, Plaintiff claims that he experienced this pain for "several months" and contends that it should have been considered in combination with his other impairments. Pl. Objection at 2 (ECF No. 17). However, despite extensive questioning by both Plaintiff's attorney and the ALJ about Plaintiff's medical conditions, Plaintiff did not mention chest pain during the hearing before the ALJ. Moreover, Plaintiff points to only two medical documents that reference complaints of chest pain, one dated February 15, 2008 and the other dated March 14, 2008, both of which note complaints of "occasional" chest pain. *See* Treatment Notes of Dr. M. Mong (ECF No. 9-7 Page ID 814-15). Unlike the consistent records and diagnoses of back pain, migraine headache, closed head injury, depression, and abdominal laceration, Plaintiff's complaints of chest pain span just one month, and there are no prior or subsequent records to suggest any further problems. In short, there is no evidence that Plaintiff's brief complaints of chest pain impacted his ability to work. Because there is no evidence that Plaintiff's

chest pain resulted in any work-related restrictions, the Court rejects his argument that the RFC assessment was faulty on that basis.

Plaintiff also argues that the ALJ disregarded the effects of his memory impairments from two separate head injuries. This is not true. The ALJ considered Plaintiff's memory-related limitations and incorporated them into the RFC assessment. Specifically, the ALJ acknowledged Plaintiff's "history of closed head injury with contusion and residual headaches," ALJ Decision at 5, and ascribed "significant weight" to the medical opinion of a state agency consultant, Dr. Rom Kriauciunas, Ph.D., who determined that Plaintiff had "moderate limitations in the ability to understand, remember, and carryout detailed instructions." *Id.* at 9. The ALJ incorporated his findings in Plaintiff's RFC assessment by limiting Plaintiff to "simple tasks in a low stress environment requiring only occasional decision-making and only occasional[] changes in the work setting." ALJ Decision at 5. Plaintiff does not explain why these limitations do not adequately account for any cognitive impairments stemming from his closed-head injuries. For all these reasons, the Court overrules Plaintiff's first objection.

Accordingly,

**IT IS ORDERED** that the Magistrate Judge's R&R adopted;

**IT IS FURTHER ORDERED** that Plaintiff's objections to the Magistrate Judge's R&R are overruled;

**IT IS FURTHER ORDERED** that Defendant's motion for summary judgment is granted;

**IT IS FURTHER ORDERED** that Plaintiff's motion for summary judgment is denied.

Dated: July 31, 2015                    s/PATRICK J. DUGGAN
                                        UNITED STATES DISTRICT JUDGE

Copies to:
Ronald D. Glotta, Esq.
D. Rick Martin, Esq.
Laura A. Sagolla, Esq.
Lucy A. Bezdek, Esq.